Melita DeBrincat BORG, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 4–70282.

United States District Court,
E. D. Michigan, S. D.

April 25, 1974.

Sharples, Klein & Gale, Southfield, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., by Gwenn L. Carr, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

JAMES HARVEY, District Judge.

Melita DeBrincat Borg brings this action for a review of an order entered by the Appeals Council of the Social Security Administration dismissing her request for a hearing on the determination of benefits which she claims are due her under Subchapter II of the Social Security Act, 42 U.S.C.A. Section 401 et seq. The following administrative proceedings are relevant to this Court's disposition of the present action: On June 21, 1966, plaintiff filed an application for disability benefits under the provisions of 42 U.S.C.A. Section 423, as amended, alleging that she became unable to work in 1950 because of an emotional illness. This application was denied on September 23, 1966, and, at plaintiff's request, was reconsidered. The initial determination was affirmed by notice of December 6, 1966. Thereafter, the plaintiff requested a hearing before a Hearing Examiner (now called an Administrative Law Judge). Notice of the hearing was sent on March 10, 1967; said notice informed plaintiff of the time and place of the hearing and that plaintiff, at her choosing, could be represented by counsel. The hearing took place on March 21, 1967; and on April 7, 1967, the Hearing Examiner issued a decision which found that the evidence failed to establish that plaintiff's impairments prevented her from engaging in substantial gainful activity at any time on or before September 30, 1952, the date she last met the special earnings requirements for disability purposes.[1] The plaintiff then requested review by the Appeals Council, which concluded that the decision of the Hearing Examiner was correct, and so notified plaintiff on July 21, 1967. This notice further informed plaintiff of her right to seek judicial review, but plaintiff failed to avail herself of this additional course of action.

Over four years later, on April 4, 1972, the plaintiff again filed a claim for disability benefits. By letter of May 22, 1972, the Director, Division of Initial Claims, informed plaintiff that a review of her latest claim showed that the facts remained unchanged from the prior claim, and thus denied the claim. Plaintiff was told that a reconsideration was possible if new information was available. At this point, counsel for plaintiff entered the proceedings and attempted to elicit new evidence bearing on plaintiff's disability prior to September 30, 1952. Four letters—from plaintiff's former and present doctors and a psychiatrist who examined plaintiff's hospital records—were a part of the reconsideration record filed on September 25, 1972. On November 15, 1972, the previous determination was affirmed. Shortly thereafter, plaintiff requested a hearing before an Administrative Law Judge. A decision was rendered on July 11, 1973, in which it was stated that the additional medical evi-

---

1. 42 U.S.C.A. Section 416(i) provides that an individual shall be insured for disability insurance benefits if she has not less than 20 quarters of coverage during the 40 quarters period which ends with the quarter in which disability occurred. Plaintiff last met these requirements on September 30, 1952. Disability must be shown to have occurred prior to that date, and any disability which may have occurred subsequent to that date is not relevant to this action or the decision of the Secretary to withhold benefits.

dence was not new and material and that the record did not present issues different from those previously considered. The Administrative Law Judge thus dismissed the plaintiff's request for a hearing on the basis of *res judicata*. 20 C.F.R. 404.937. The Appeals Council notified plaintiff on August 20, 1973, that it had affirmed the dismissal action of the Administrative Law Judge and that therefore the April 7, 1967 decision remained as the final decision of the Department. Plaintiff then timely filed the present action.

The complaint alleges that the defendant's finding that the plaintiff was not disabled is erroneous as not being based on substantial evidence and is contrary to newly discovered evidence. Plaintiff also contends that the refusal to give due cognizance to the newly submitted evidence constitutes an abuse of discretion; that the evidence submitted at the initial hearing in 1967 is in error as not being directed to the important question of disablement on or before September 30, 1952; and that plaintiff was denied a fair hearing before the Hearing Examiner at that time, presumably, because of his failure to assist the plaintiff in illuminating the critical issues relevant to disability (plaintiff was not represented by counsel at that time).

The defendant has filed a motion to dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure, asserting that the plaintiff has failed to state a claim upon which relief can be granted, Rule 12(b)(6), and that the Court lacks jurisdiction over the subject matter, Rule 12(b)(1). An affidavit and numerous exhibits have been filed in support of the motion. Plaintiff has submitted additional exhibits in support of her reply to the motion to dismiss, as well as her own motion for summary judgment. These materials relate in detail the administrative proceedings which have brought us to the present point of plaintiff's attempt to secure disability benefits. The motion to dismiss, as it raises questions relevant to this Court's jurisdiction over this action, permits inquiry into the relevant affidavits and exhibits. Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

The question of jurisdiction being central to this action, it necessarily must be given initial consideration. It is defendant's contention that because the plaintiff's present application for Social Security benefits has been dismissed on the grounds of *res judicata*, there has been no "final decision" of the Secretary, as required by 42 U.S.C.A. Section 405(g), for judicial review, thus leaving this Court without jurisdiction. The only judicial remedy available to an individual on claims arising under Subchapter II of the Social Security Act is by a civil action brought against the Secretary of Health, Education and Welfare under 42 U.S.C.A. Section 405(g). Such an action can be brought only in a case in which (1) the individual was a party to a hearing before the Secretary, (2) the Secretary has made a final decision on the claim for benefits filed by the plaintiff, and (3) the plaintiff commences a timely civil action in the district court for the judicial district in which he resides. The civil action must be commenced within sixty days after the mailing to the claimant of notice of the Secretary's decision, which shall be a final decision binding on all parties if a civil action is not commenced. 20 C.F.R. 404.951.

■ It has been held that an applicant for Social Security benefits who fails to avail himself of judicial review of his claim, thereby allowing the Secretary's decision to become final, may not relitigate those issues, which have become conclusive as to his right to benefits, in a subsequent action. In Hobby v. Hodges, 215 F.2d 754 (CA10 1954), the applicant had originally filed claims in 1940, 1942, and 1946. The 1946 claim was refused and nothing further was done until 1953, when the claimant filed a request for a hearing, alleging that the determination of his benefits in 1946 was erroneous. The Tenth Circuit decided that the 1953 claim was similar to that of 1942, from which no further ac-

tion had been taken. Since the 1942 issues had therefore become final, it was concluded that the doctrine of *res judicata* should be applied to prevent the latest application from reviving the issues of a final decision. In the case *sub judice,* the plaintiff's present application embraces the same facts and issues and covers the same period of time as the prior application already adjudicated. It therefore falls within the dictates of Hobby v. Hodge, *supra.* The decision on plaintiff's 1967 application stands as the final determination, and the issues therein may not be relitigated at this time. See, also, Gaston v. Richardson, 451 F.2d 461 (CA6 1971); and Sangster v. Gardner, 374 F.2d 498 (CA6 1967). However, it should be noted that an otherwise final decision may be reopened within 12 months from the date of the notice of the initial determination to the party to such determination, or after such 12-month period, but within four (4) years after the date of such notice of the initial determination, upon a finding of good cause for reopening the determination or decision. 20 C.F.R. 404.-957. Furthermore, "good cause" shall be deemed to exist where new and material evidence is furnished and for other reasons not pertinent to this action. 20 C.F.R. 404.958.

█ Thus, there remains an important related issue which is not determined by the finding that this Court is without jurisdiction to inquire into the substance of the plaintiff's claim for Social Security benefits. Indeed, plaintiff in her motion for summary judgment poses this single issue: Whether the defendant's refusal to give due cognizance to the new material and uncontradicted evidence consisting of the medical reports of Doctors Eyres, von Brauchitsch, and Sandler constituted an abuse of discretion. Our circuit has held that the Secretary's determination not to reopen a claimant's application for benefits is subject to judicial review. Maddox v. Richardson, 464 F.2d 617 (CA6 1972); Eastman v. Richardson, 475 F.2d 472 (CA6 1973). See, also, Cappadora v.

Celebrezze, 356 F.2d 1 (CA2 1966). Parenthetically, it should be noted that plaintiff's re-application of April 4, 1972, came more than four years after the final notice of July 21, 1967. Thus, the defendant's refusal to reopen the claim could be properly denied under 20 C.F.R. 404.957(c)(6), which establishes a four-year limitation for reopening final decisions upon a finding of good cause. It is clear that a decision not to reopen the 1967 final decision on the basis that the present claim is untimely would not constitute an abuse of discretion by the Secretary. Eastman v. Richardson, supra, at 474–475.

In this action, however, the parties have not focussed upon whether the attempt to reopen the 1967 claim was timely but upon whether pursuant to 20 C.F.R. 404.957 good cause had been shown for a reopening. Pursuant to 20 C.F.R. 404.958 "good cause" shall be deemed to exist where new and material evidence is furnished. As noted previously, plaintiff was informed by letter of May 22, 1972, that a reconsideration of her present claim was possible if she could supply new information. Plaintiff's counsel then contacted the three doctors named above who furnished letters which were submitted to the defendant as new evidence. After reviewing this evidence, the Administrative Law Judge found as follows:

"A review of the currently submitted evidence fails to reveal that such evidence is new or material. As stated above, any disability which may have arisen after Septermber 30, 1952, would not support an allowance. Further, the other medical evidence is merely cumulative and does not provide new and material basis for finding that the claimant was disabled on or before September 30, 1952, when the earnings requirement of the Social Security Act was last met. In essence, a thorough review of the entire record fails to reveal that the issues raised on the present appeal were not considered and determined in the prior action. The request for hearing

filed by the claimant therefore relates to matters that are res judicata." P. 4, Administrative Law Judge's Order of Dismissal, July 11, 1973.

In addition, the Order of Dismissal specifically considered the three reports from Doctors Eyres, von Brauchitsch, and Sandler which were submitted pursuant to the present claim, stating:

" * * * Dr. Eyres' report advises there is no additional information of importance in the record and nothing that was not already of record. While he stated that his present review of the record would indicate she was upset, depressed and unable to function in her working area between October 1951 and February 1952, he pointed out that he did not remember the patient. Dr. Sandler's report indicates that he had first seen Mrs. Borg on April 19, 1965. Dr. vonBrauchitsch, Department of Psychiatry, Henry Ford Hospital, indicated that the information of record as to Mrs. Borg's condition in 1952 was rather skimpy and there was practically no information about any problems prior to that date. This physician stated that he could not address himself to the actual and known ability to work of this person prior to 1952. A general memo from the Henry Ford Hospital, dated December 3, 1952, was also submitted which made reference to the claimant's neuropsychiatric evaluation and a more detailed report was of record at the time of the previous Hearing Examiner's decision. It is noted that this general memo refers to the hospital sensing 'marital problems.' " Pp. 3–4, Administrative Law Judge's Order of Dismissal.

It is plaintiff's judgment that the Administrative Law Judge "simply ignored the considered medical opinions of Doctors Eyres, von Brauchitsch, and Sandler and, in fact, refused to even acknowledge, much less discuss, their unanimous conclusion that plaintiff was disabled on and before September 30, 1952."

The opinions of these doctors are, of course, subject to varying interpretations, but this Court hesitates to ascribe to the Administrative Law Judge a complete failure to consider the reports. Noonan v. Richardson, 338 F. Supp. 734 (W.D.Pa.1972), is not representative of the present situation, as plaintiff would suggest. Nor is Mann v. Gardner, 380 F.2d 182 (CA5 1967); or Covo v. Gardner, 314 F.Supp. 894 (S.D. N.Y.1970); as they relate to the judicial review of a final decision of the Secretary denying benefits and applying the substantial evidence standard to the denial of those benefits. Here, we are not discerning whether there is substantial evidence to support the Secretary's determination that benefits should not be paid, but rather if there is a basis for the Secretary's refusal to grant a rehearing, i. e., if there has been an abuse of discretion. .

■■ The standards are clear with respect to determining what constitutes an abuse of discretion by the Secretary. Judicial review should be "significantly limited in scope in order to respect the discretion vested in the agency . . ." Cappadora v. Celebrezze, supra, 356 F.2d at 6. There is a strong presumption that administrative exercise of discretion is proper, unless the action reflects such an abuse of power as to be arbitrary and capricious. United Steel Workers v. N.L.R.B., 376 F.2d 770 (1967). This Court will not characterize the refusal of the Secretary to rehear plaintiff's claim as arbitrary and capricious and thus an abuse of discretion unless there is a demonstration that the agency action appears to have gone beyond the bounds of statutory authority or because the findings underlying it lack significant support in the record. U. S. A. Conference v. Fed. Maritime Com'n, 130 U.S.App.D.C. 261, 399 F.2d 994, 997 (1968). The fact that on the same evidence a court could have reached a contrary decision will not support a determination that administrative action was arbitrary or capricious. Car-

lisle Paper Box Co. v. N.L.R.B., 398 F.2d 1 (CA3 1968).

■ This Court has before it all the relevant information with respect to plaintiff's present claim for disability benefits, including the reports which are claimed to constitute new and relevant evidence. In light of the foregoing standards, it must be concluded that there has been no abuse of discretion by defendant in deciding that the plaintiff's evidence is not in fact new and relevant or in the decision to consequently deny plaintiff a rehearing on her claim. There appears to this Court a rational basis for concluding that the reports from the three doctors are merely cumulative. While it is true that two of the reports conclude that plaintiff was disabled prior to September 30, 1952, the report of plaintiff's personal physician states emphatically that there was no personal memory of the plaintiff. Another of the reports states a hypothetical conclusion based on "rather skimpy notes . . . which barely cover the patients [sic] condition in 1952 and leave practically no information about her psychiatric problems prior to that date." The remaining reports, from plaintiff's personal physician, state that plaintiff "was unable to function sufficiently for gainful employment prior to Sept. 30, 1952." However, it is based on the same "rather skimpy" hospital records noted previously, rather than on personal information. This evidence could be fairly characterized as cumulative or irrelevant rather than new and relevant by the defendant, and thus this Court will not find an abuse of discretion present.

The denial of plaintiff's request for a rehearing being within the discretion of the Secretary, the Court is left without jurisdiction as to all of plaintiff's other arguments which go to the substance of the disability benefits claim. For the reasons expressed herein, therefore, the motion to dismiss must be granted.