**TERRELL OIL CORPORATION, Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY, Defendant.**

**No. CIV–2–76–126.**

United States District Court, E. D. Tennessee, Northeastern Division.

Sept. 30, 1977.

On Motions for Dismissal and for Stay Dec. 22, 1977.

Order Feb. 2, 1978.

John L. Kiener, Cantor, Kiener & Bowman, Johnson City, Tenn., for plaintiff.

James E. Brading, Herndon, Coleman, Brading & McKee, and Dick L. Johnson, Johnson City, Tenn., for defendant.

## MEMORANDUM AND ORDER

NEESE, District Judge.

A United States magistrate of this district recommended that the Court grant the motion of July 1, 1977 of the plaintiff Ter-

rell Oil Corporation for a summary judgment, Rule 56(a), Federal Rules of Civil Procedure, as to its status herein as a "wholesale purchaser-reseller" under the provisions of 10 C.F.R. § 211.51. 28 U.S.C. § 636(b)(1)(B). Such recommendation was filed with the Court and on September 13, 1977 copies were mailed to both parties herein. 28 U.S.C. § 636(b)(1)(C). No timely written objection thereto * was served and filed. 28 U.S.C. § 636(b)(1).

■ The Federal Energy Administration made the administrative determination and finding on August 1, 1975 that Terrell Oil Company was and is such a wholesale purchaser-reseller. That determination was affirmed in the administrative appellate process. There was substantial evidence before the administrator to support such determination and finding. In that situation, the administrative finding must be affirmed upon judicial review. Economic Stabilization Act of 1970, § 211(e), notes following 12 U.S.C. § 1904; *cf. Borg v. Weinberger,* D.C.Mich. (1974), 381 F.Supp. 1212, 1216[3], affirmed C.A. 6th (1975), 510 F.2d 972 (table).

It thus appearing that the foregoing issue has been determined and found, and that the plaintiff is entitled to a judgment thereon as a matter of law, its motion for a summary judgment on that issue hereby is GRANTED, Rule 56(c), Federal Rules of Civil Procedure, and upon the trial of this action the fact that at all pertinent times herein the plaintiff Terrell Oil Corporation was a wholesale purchaser-reseller within the meaning of the provisions of 10 C.F.R. § 211.51 shall be deemed established, Rule 56(d), Federal Rules of Civil Procedure. The Court hereby RESERVES for future determination the question of what material facts continue to exist without substantial controversy and what material facts are in good faith controverted. *Idem.* The

plaintiff's motion for a summary judgment otherwise hereby is OVERRULED.

Both the plaintiff and the defendant filed herein documents each entitled "Motion for Production of Documents". Rule 34, Federal Rules of Civil Procedure " * * * provides for production upon request, and not by motion. * * * " *Ross v. Longchamps, Inc.,* D.C.Mo. (1971), 336 F.Supp. 434, 437[2]; see also Form 24, Federal Rules of Civil Procedure, Appendix of Forms. Accordingly, the Court hereby TREATS each such "motion" as a request upon the adverse party for the production of documents served under Rule 34(a), (b), Federal Rules of Civil Procedure, and no action by the Court is necessary with regard thereto. *Muncaster v. Baptist,* D.C.Ala. (1973), 367 F.Supp. 1120, 1122[1].

## ON MOTIONS FOR DISMISSAL AND FOR STAY

A United States magistrate of this district recommended that the defendant's motion for a dismissal of this action for lack of the Court's jurisdiction of the subject matter and for the plaintiff's failure to first exhaust its administrative remedies be denied, but that its motion for a stay hereof pending consideration of the issues herein by the Federal Energy Administration (FEA) under the doctrine of primary jurisdiction be granted. 28 U.S.C. § 636(b)(1)(B). A copy of such recommendation was mailed to counsel for the respective parties on November 30, 1977, and no timely written objections thereto were served and filed. *Idem.*

■ This Court has jurisdiction of the subject matter hereof. 15 U.S.C. § 766(i)(2)(B). The plaintiff was not required to first exhaust its administrative remedies prior to commencing this action. *Orange & Rockland Utilities, Inc. v. How-*

---

* After the pertinent statutory period of 10 days (and the additional 3-day period allowed by the provisions of Rule 6(e), Federal Rules of Civil Procedure) had expired, the parties submitted an agreed order for enlargement of the time in which the defendant might serve and file written objections to the magistrate's recommendation, Rule 6(b)(1), Federal Rules of Civil Procedure. The request for such enlargement of time, not having been made " * * * before the expiration of the period originally prescribed, * * * " *idem.,* in 28 U.S.C. § 636(b)(1), this Court is aware of no power it has to enter such agreed order.

ard Oil Co., D.C.N.Y. (1976), 416 F.Supp. 460, 465[2]; *Templeton's Service, Inc. v. Mobil Oil Corp.*, D.C.Mich. (1975), 402 F.Supp. 368, 371[4]; *Brennan Petroleum Products Co., Inc. v. Pasco Petroleum Co., Inc.*, D.C.Ariz. (1974), 373 F.Supp. 1312, 1315[1], distinguishing *Anderson v. Dunlop*, Temp.Emer.Ct.App. (1973), 485 F.2d 666, 668–670[2], certiorari denied (1974), 414 U.S. 1131, 94 S.Ct. 871, 38 L.Ed.2d 756. Thus, the defendant is not entitled to a dismissal of this action on either of these grounds, and the magistrate's recommendation in regard thereto hereby is ACCEPTED. 28 U.S.C. § 636(b)(1).

■ Alternatively, the defendant seeks, and the magistrate recommended, that this action be "remanded" to the FEA for an initial consideration of the issues herein under the doctrine of primary jurisdiction. This doctrine * requires the parties in a lawsuit to resort first to an administrative agency before they may obtain a judicial adjudication involving a question within the competency of that agency. *Public Utilities Com. v. United States* (1958), 355 U.S. 534, 539, 78 S.Ct. 446, 2 L.Ed.2d 470, 475 (headnote 3), rehearing denied (1958), 356 U.S. 925, 78 S.Ct. 713, 2 L.Ed.2d 760; see also *Armour & Company v. Alton Railroad Company* (1941), 312 U.S. 195, 61 S.Ct. 498, 85 L.Ed. 771. That doctrine guides the Court in determining whether the court or the appropriate administrative agency should make the initial decision. See *Texas & P. R. Co. v. Abilene Cotton Oil Co.* (1907), 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553. " * * * The precise function of the doctrine of primary jurisdiction is to guide a court in determining whether [it] should refrain from exercising its jurisdiction until after an administrative agency has determined some question or some aspect of some question arising in the proceeding before the court. * * * " 3 Davis, Administrative Law Treatise 3, § 19.01.

"* * * 'Primary jurisdiction' * * * applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. * * * " *United States v. Western Pac. R. Co.* (1956), 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126, 132 (headnote 5); *accord*: *International Brotherhood v. Hardeman* (1971), 401 U.S. 233, 238, 91 S.Ct. 609, 28 L.Ed.2d 10, 17[2], rehearing denied (1971), 402 U.S. 967, 91 S.Ct. 1607, 29 L.Ed.2d 132; *Meat Cutters Union v. Jewel Tea Company* (1965), 381 U.S. 676, 684–685, 85 S.Ct. 1596, 14 L.Ed.2d 640, 646[1]; *Hewitt-Robins v. Eastern Freight-Ways* (1962), 371 U.S. 84, 88–89, 83 S.Ct. 157, 9 L.Ed.2d 142, 146 (headnote 7).

■ This doctrine does not allocate the power between the courts and the administrative agencies, but rather "* * * governs only the question whether [the] court or [the] agency will *initially* decide a particular issue, not the question whether [the] court or [the] agency will *finally* decide the issue. * * * [Emphases in original.]" 3 Davis, *supra*, at 3, § 19.01. Where the doctrine is applied, the Court's jurisdiction "* * * is not thereby ousted, but only postponed. * * *" *United States v. Philadelphia Nat. Bank* (1963), 374 U.S. 321, 353, 83 S.Ct. 1715, 1736, 10 L.Ed.2d 915, 939 (headnote 19).

Accordingly, the pending action in the federal court is "* * * stayed until the administrative officials have had [the] opportunity to act * * * [with the hope] * * * that a prior agency adjudication of th[e] dispute will be a material aid in

---

* The term, primary jurisdiction, has also been referred to as "exclusive primary jurisdiction," e. g. *United States v. Western Pac. R. Co.*, *infra*, 352 U.S. 59 at 63, 77 S.Ct. 161, 1 L.Ed.2d 126 at 132 (headnote 2); "primary decision," e. g. *Garner v. Teamsters Union* (1953), 346 U.S. 485, 489, 74 S.Ct. 161, 98 L.Ed. 228, 239 (headnote 5); "preliminary resort," e. g. *Great Northern R. Co. v. Merchants Elevator Co.*, *infra*, 259 U.S. 285 at 291, 42 S.Ct. 477, 66 L.Ed. 943 at 946; and "prior resort," e. g. Statson, Timing of Judicial Redress from Erroneous Administrative Action (1941), 25 Minn.L.Rev. 560.

ultimately deciding * * *'" the matters in the judicial forum. *Ricci v. Chicago Mercantile Exchange* (1973), 409 U.S. 289, 302, 305, 93 S.Ct. 573, 580–582, 34 L.Ed.2d 525, 535, 537[4], rehearing denied (1973), 410 U.S. 960, 93 S.Ct. 1411, 35 L.Ed.2d 697. "* * * Affording the opportunity for administrative action will 'prepare the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court * * *' * * *." *Ibid.*, 409 U.S. at 306, 93 S.Ct. at 582, 34 L.Ed.2d at 538[4], quoting from *Federal Maritime Board v. Isbrandtsen Co.* (1958), 356 U.S. 481, 498, 78 S.Ct. 851, 2 L.Ed.2d 926, 938 (headnote 7).

Professor Davis stated in his treatise that the principal reason behind the doctrine of primary jurisdiction is the:

> * * * recognition of the need for orderly and sensible coordination of the work of [administrative] agencies and of courts. Whether the agency happens to be expert or not, a court should not act upon [a] subject matter that is peculiarly within the agency's specialized field without taking into account what the agency has to offer, for otherwise the parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements.

> \* \* \* \* \* \*

3 Davis, *supra*, at 5, § 19.01. Further insight into the reasons underlying the doctrine appears from Mr. Justice Frankfurter's classic statement that:

> * * * in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying the legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

> \* \* \* \* \* \*

*Far East Conference v. United States* (1952), 342 U.S. 570, 574–575, 72 S.Ct. 492, 494, 96 L.Ed. 576, 582 (headnotes 2, 3).

The primary jurisdiction doctrine originally developed in actions arising under the Interstate Commerce Act, 49 U.S.C. §§ 1, et seq., 13 Am.Jur.2d 609, Carriers § 58; see also *Texas & P. R. Co. v. Abilene Oil Co., supra.* The doctrine has been expanded to encompass nearly any situation where the matters brought before the federal court are particularly within the special competence of an administrative body. Specifically, the doctrine has been applied in actions such as this, arising under the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. §§ 751, et seq. *Orange & Rockland Utilities, Inc. v. Howard Oil Co.*, D.C.N.Y. (1976), 416 F.Supp. 460, 465–466[3, 4], [5]; *Eastern Air Lines, Inc. v. Mobil Oil Corporation*, D.C.Fla. (1975), 403 F.Supp. 757; *Quigley v. Exxon Company U. S. A.*, D.C.Pa. (1974), 376 F.Supp. 342, 354–356[12, 13], [14]. " * * * [T]he reason is that a court confronted with problems within an agency's area of specialization should have the advantage of whatever contributions the agency can make to the solutions. * * *" *Quigley v. Exxon Company U. S. A., supra*, 376 F.Supp. at 355[12, 13].

The parties herein appear to agree that this litigation is complex and involves national policy considerations. Both also agree that this Court has the power under the primary jurisdiction doctrine to stay these judicial proceedings pending a consideration of these issues by the FEA.

■ The matters raised herein are highly complex, both factually and legally. The plaintiff contends that the defendant has violated certain regulations of the FEA governing the sophisticated petroleum in-

dustry under somewhat emergency conditions. These regulations are lengthy, complex, and employ their own unique industrial terminology. As a general rule, great deference must be given by the courts to an administrative agency's interpretation of its own regulations. *Ehlert v. United States* (1971), 402 U.S. 99, 105, 91 S.Ct. 1319, 28 L.Ed.2d 625, 632[10]; *Immigration Service v. Stanisic* (1969), 395 U.S. 987, 89 S.Ct. 2125, 23 L.Ed.2d 775. Any interpretation and application of such regulations by the FEA would be useful to the Court in making its final decision herein.

■ In a word, this litigation appears to involve complex and technical determinations which the FEA is " * * * uniquely qualified to consider. * * * " *Marine Terminal v. Rederi. Transatlantic* (1970), 400 U.S. 62, 69, 91 S.Ct. 203, 27 L.Ed.2d 203, 209[2, 3]. " * * * These are matters that should be dealt with in the first instance by those especially familiar with the customs and practices of the industry and of the unique marketplace involved in this case. [citations omitted.] They are matters typically lying at the heart of an administrative agency's task and here they appear to be matters that Congress has placed within the jurisdiction of [the FEA]. * * * " *Ricci v. Chicago Merchantile Exchange, supra,* 409 U.S. at 305, 93 S.Ct. at 582, 34 L.Ed.2d at 537–538[4].

This Court should not deny itself the enlightenment which may be had from a consideration of the relevant economic and other facts which the administrative agency charged with the regulation of these matters is peculiarly equipped to marshal and initially to evaluate. *Southwestern S. & M. Co. v. River Term. Corp.* (1959), 360 U.S. 411, 420, 79 S.Ct. 1210, 3 L.Ed.2d 1334, 1342 (headnote 11). The parties herein should be afforded a reasonable opportunity to obtain from the FEA, in an appropriate form of proceeding, a consideration by such agency of the issues involved herein. *Ibid.,* 360 U.S. at 421, 79 S.Ct. 1210, 3 L.Ed.2d at 1342 (headnote 11).

The Court, therefore, concludes that it should " * * * wait until the administrative agency that has special competence in the field has ruled * * * " on the issues herein. *Best v. Humbolt Mining Company* (1963), 371 U.S. 334, 338, 83 S.Ct. 379, 383, 9 L.Ed.2d 350, 354 (headnote 12). Accordingly, the magistrate's recommendation in this regard hereby is ACCEPTED, and the aforementioned motion of the defendant hereby is GRANTED to the extent so recommended. 28 U.S.C. § 636(b)(1). Otherwise, such motion hereby is DENIED. *Idem.* This action hereby is REFERRED for initial review and report to the Federal Energy Administration.

The parties will initiate forthwith the necessary procedure for a review by the Federal Energy Administration of the issues herein and will inform the Court through the clerk each 90 days of the status of such administrative proceedings. This action hereby is STAYED, *United States v. Michigan National Corp.* (1974), 419 U.S. 1, 4–5, 95 S.Ct. 10, 42 L.Ed.2d 1, 5[4a], pending disposition thereof by the FEA, or until further order of this Court. Jurisdiction is RETAINED by this Court. *Crain v. Blue Grass Stockyards Company,* C.A. 6th (1968), 399 F.2d 868, 874[12].

### ORDER

The Court referred this action for initial review and report, under the doctrine of primary jurisdiction, to the Federal Energy Administration of the Department of Energy and stayed all proceedings herein pending action by such agency or until further order of this Court while retaining jurisdiction hereof. Memorandum opinion, order of reference and stay herein of December 22, 1977. The Department of Energy, having conducted a preliminary investigation of the plaintiff's claims herein, determined not to proceed at this time with a full investigation and administrative enforcement of the matters raised herein.[1]

1. The tone of the letter of January 25, 1979 from Mr. Paul L. Bloom of the Federal Energy Department indicates that such agency would not be inclined to so proceed at any time within the reasonably near future.

Accordingly, it hereby is ORDERED that this action no longer be stayed, but that it now proceed in this Court.[2] The clerk will assign this action for a pretrial conference.

---

**2.** As the Court noted in its aforementioned memorandum opinion, the issues herein are highly complex, both factually and legally, and involve regulation of the sophisticated petroleum industry under somewhat emergency conditions. The parties are encouraged to continue their diligent efforts to resolve this dispute. Perhaps submitting the matter to arbitration, or referring it to a special master with experience in this field would be advisable.