John Russell **FREELS** and Wife, Esther Freels, Plaintiffs-Appellants,

v.

Ira W. **NORTHRUP** and Wife, Daisy Northrup, Defendants-Appellees.

Supreme Court of Tennessee, at Knoxville.

Oct. 9, 1984.

M.F. McDavid, Harriman, Buxton, Layton, Webster & Wilkinson by George H. Buxton, Jr., Oak Ridge, for plaintiffs-appellants.

John S. McLellan, Kingsport, for defendants-appellees.

## OPINION

DROWOTA, Justice.

This action was initiated by Plaintiffs-Appellants to establish the ownership of certain mineral rights in a tract of land located in Morgan County, Tennessee. The Chancellor awarded the mineral rights to the Plaintiffs and accordingly decreed that a certain percentage of the oil royalties received by Defendants belonged to Plaintiffs. Defendants were further ordered to pay to Plaintiffs their proportionate share of sales proceeds from the oil well in question.

In the Court of Appeals the Defendants argued that the ·evidence preponderated against the findings of the Chancellor and that the Chancellor infringed upon the exclusive jurisdiction of the Tennessee Oil and Gas Board. The Court of Appeals concurred in the findings of fact by the Chancellor but reversed the trial court on the jurisdictional issue. Following that decision, we granted Plaintiffs' Rule 11 application. Two issues are presented for our consideration. First, whether the Chancellor properly determined the boundaries of the land in question. The second issue is whether the Oil and Gas Board has exclusive jurisdiction to determine participation in an oil well drilling unit.

The Defendants acquired the tract of land in question from Jim Marley in 1973. This same property had been conveyed to the Plaintiffs' grandfather in 1902 by H.D. Hambright who expressly reserved all mineral, coal and oil rights. In 1951, the heirs of Mr. Hambright conveyed these rights to the Plaintiffs. The Defendants entered into a lease with Ace Petroleum Company (hereinafter Ace) in 1979 which authorized Ace to explore for oil but reserved a royalty interest for the Defendants. Ace had a survey conducted and a map was drawn of the proposed drilling unit, which included the disputed tract of land. The Tennessee Oil and Gas Board subsequently issued a drilling permit to Ace.

During this time Plaintiffs entered into a similar lease with Maynard Hamby, which purportedly covered the mineral rights in the disputed tract. Ace then applied to the Gas and Oil Board to amend the drilling permit to accommodate the Plaintiffs' interest. The actual drilling was to take place on land undisputably owned by the Defendants, but the area of the well included property that the Plaintiffs allegedly owned. The Defendants did not recognize the Plaintiffs' property interest and did not authorize payment of any share to the Plaintiffs. Plaintiffs brought suit in the Chancery Court of Morgan County asking that they be declared the owners of the property. They alleged that they owned the mineral rights in the disputed tract, that the mineral interest in the property had been assessed to them for tax purposes for more than 20 years, that their interest was in such close proximity to the Defendants' well that unitization was required under T.C.A. § 60-1-101 et seq. and the Rules of the Oil and Gas Board, that the Board had approved an amended application which proposed such unitization (at 16.5 per cent), and that oil had been collected from the well without any accounting to the Plaintiffs.

The trial court found that the disputed tract consisted of 25.3 acres rather than 12 acres and that Plaintiffs were the owners of the mineral rights in the tract. The Chancellor also found that 4.045 acres of Plaintiffs' interest was within the Defendants' 20 acre drilling unit. Accordingly, the court awarded Plaintiffs a 20.2 per cent interest in the Defendants' well.

The trial court's findings of fact were reviewed by the Court of Appeals and no error was found. The Court of Appeals did not accept Defendants' contention that the trial court should have accepted Defendants' survey as being more accurate. The

Court of Appeals felt that the Chancellor relied on other testimony that was unchallenged and that, under the facts of this case, his ruling was correct.

■ In their appeal to this Court Defendants again challenge the trial court's findings of fact. As mentioned above, those findings were concurred in by the Court of Appeals. Our review of concurrent findings of fact by the Chancellor and the Court of Appeals is very limited. T.C.A. § 27–1–113. Such findings are binding on this Court if there is any evidence to support them. *Shuptrine v. Quinn*, 597 S.W.2d 728, 730 (Tenn.1979); *Davis v. Bank of Illinois*, 561 S.W.2d 144 (Tenn. 1978). Because we find that there is material evidence to support the questioned findings, we affirm the judgment of the trial court in determining the ownership of the disputed property.

■ The more troublesome issue on appeal is whether the trial court improperly infringed upon the jurisdiction of the Tennessee Oil and Gas Board in determining the percentage of participation that the Plaintiffs would enjoy in the oil well drilling unit. Defendants argue that *only* the Oil and Gas Board has the authority, pursuant to T.C.A. § 60–1–202, to determine unit participation. The Court of Appeals agreed and held that the determination of unit participation percentages is within the particular expertise of the Oil and Gas Board.

The powers of the Oil and Gas Board are enumerated in T.C.A. § 60–1–202, which provides in part that

(a) The Board shall have jurisdiction and authority ...

(4) To make rules, regulations, and orders for the following purposes:

.    .    .    .    .

(I) To identify ownership of oil and gas wells, producing leases, refineries, tanks, structures, and all storage and transportation equipment and facilities; ...

(M) To provide for the forced integration of separately owned tracts and other property ownership into drilling and production units....

From the statutory language it seems clear that the Board has the authority and jurisdiction to determine the unit participation in the Defendants' oil well. However, the issue is whether the Board has exclusive jurisdiction to make that determination. The Court of Appeals was of the opinion that the Chancery Court of Morgan County had no jurisdiction to determine the extent of the Plaintiffs' participation. We disagree and find that the Chancellor was acting within his authority and jurisdiction in making the unit participation determination.

■ Defendants base their argument on the doctrine of primary jurisdiction. The doctrine, which has been recognized by the federal courts in Tennessee, *Terrell Oil Corp. v. Atlantic Richfield Co.*, 468 F.Supp. 860 (E.D.Tenn.1977), generally requires that parties resort first to an administrative agency before they seek judicial action involving a question within the competence of that agency. The doctrine applies where a claim is originally cognizable in the courts and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body. *Terrell Oil Corp. v. Atlantic Richfield Co., supra.* In deciding whether to defer to the administrative agency, courts generally make two inquiries: (1) will deferral be conducive toward uniformity of decision between courts and the agency, and (2) will deferral make possible the utilization of pertinent agency expertise. *See Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973); *Great Northern Ry. Co. v. Merchants Elevator Co.*, 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922); *Texas and Pacific R. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907). We find that neither of these considerations is present in this case and therefore the Chancery Court was not required to defer to the Oil and Gas Board. After determining that

4.045 acres within Defendants' drilling unit belonged to Plaintiffs, it was a simple matter for the Chancellor to determine that this constituted 20.2 per cent of Defendants' well. This mathematical determination did not require the expertise of the Oil and Gas Board. The situation here is analogous to that faced by the Alaska Supreme Court in *G. & A. Contractors, Inc. v. Alaska Greenhouses, Inc.,* 517 P.2d 1379 (Alaska 1974). That court held that the doctrine of primary jurisdiction was inapplicable in an action by a property owner for injury to his property and to prevent trespasses and impairment of water rights since actions to suppress nuisances and to recover damages are traditionally cognizable by the courts without reference to agency expertise. The case at bar involves the determination of disputed property boundaries. Such a case is peculiarly within the jurisdiction of the Chancery Court. T.C.A. § 15–11–106(a) provides that "[t]he Chancery Court has jurisdiction to hear and determine all cases in which the boundary line ... of adjoining or contiguous tracts of land is one, or the only question at issue in the case." The doctrine of primary jurisdiction is discretionary and a court is never *required* to defer to agency expertise. *Great Northern Ry. Co. v. Merchants Elevator Co., supra; Kerr v. Dept. of Game, State of Washington,* 14 Wash.App. 427, 542 P.2d 467 (1975). We hold that the Chancellor did not err when he declined to defer the case to the Oil and Gas Board.

■ Defendants also allege that the jurisdiction of the Board in determining drilling unit participation is exclusive. Our research indicates that this is a question of first impression in Tennessee. However, the Arkansas Supreme Court has considered the issue and found the argument advanced by Defendants to be without merit. In *Spartan Drilling Co. v. Bull,* 221 Ark. 168, 252 S.W.2d 408 (1952), plaintiffs brought suit to enjoin a well operator from polluting nearby creeks. In rejecting the argument that the jurisdiction of the Arkansas Oil and Gas Commission was exclusive, the court noted that there was nothing in the statutes indicating an intention by the legislature to declare that such jurisdiction should be exclusive or to deprive courts of equity of their inherent power to abate or enjoin a nuisance. Defendants concede that the Arkansas statute, Ark. Stat.Ann. § 53–101 et seq., is quite similar to T.C.A. § 60–1–201 et seq. *See also Christmas v. Raley,* 260 Ark. 150, 539 S.W.2d 405 (1976). We agree with the Arkansas Supreme Court's analysis and find no indication in T.C.A. § 60–1–202 of an intention by the legislature to divest the chancery court of its jurisdiction over boundary disputes. In the absence of a clear showing of legislative intent to do so, courts will not infer that the enactment of a particular statute has the effect of withdrawing from the courts their traditional equitable powers. *Gilley v. United States,* 649 F.2d 449 (6th Cir.1981). Repeals of jurisdiction of the courts by implication are disfavored in the law. *See Tennessee Valley Authority v. Hill,* 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978); *Abott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). We find no indication of a legislative intention to vest exclusive jurisdiction over drilling unit participation in the Oil and Gas Board.

The decision of the Court of Appeals holding that the Chancellor infringed upon the jurisdiction of the Tennessee Oil and Gas Board is reversed. The decision of the Court of Appeals holding that the Chancellor properly established the property boundaries is affirmed. The cause is remanded to the trial court for entry of judgment. Costs of this appeal will be shared equally by both parties.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.