**T.E. CRAWFORD, et al.,**
**Plaintiffs/Appellants,**

**v.**

**TENNESSEE CONSOLIDATED,**
**RETIREMENT SYSTEM,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 15, 1987.

Permission to Appeal Denied by
Supreme Court June 22, 1987.

Thomas B. Cresswell, Jr., and Jeffrey S. Bivins, Nashville, for plaintiffs/appellants.

William B. Hubbard, Nashville, for defendant/appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

This suit was filed by forty members of the Attorneys General Retirement System against the Tennessee Consolidated Retire-

ment System seeking a declaratory judgment as to their retirement rights.

The defendant moved to dismiss for lack of jurisdiction over the subject matter, citing T.C.A. § 4–5–224 which reads as follows:

(a) The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the Chancery Court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule, or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

(b) A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

(c) In passing on the legal validity of a rule or order the Court shall declare the rule or order invalid only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with the rulemaking procedures provided for in this chapter or otherwise violates state or federal law. [Acts 1982, ch. 874, § 35].

The Chancellor found that the quoted statute was applicable and that plaintiffs had not petitioned the defendant agency for a ruling prior to bringing this suit. Accordingly, plaintiffs' suit was dismissed for lack of jurisdiction.

Plaintiffs have appealed and have presented a single issue as follows:

Whether the Chancery Court of Davidson County has subject matter jurisdiction over an action involving the constitutionality of a statute and seeking a declaration of the rights, benefits, and privileges of certain members of the Tennessee Consolidated Retirement System?

Plaintiffs first insist that the defendant is not an "agency" within the meaning of the statute quoted above. T.C.A. § 4–5–102(2) states:

"Agency" means each state board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute or constitutional provision to make rules or to determine contested cases.

Part 3 of Chapter 34 of Title 8 of T.C.A. is entitled "Board of Trustees."

T.C.A. §§ 8–34–201 and 202 establish a retirement system to be known as "Tennessee Consolidated Retirement System" to be under the management of "the board of trustees."

§ 8–34–301 provides:

The general administration and responsibility for the proper operation of the retirement system and for making effective the provisions of chapters 34 through 37 of this title are hereby vested in a board of trustees. [Acts 1972 (Adj. S.), ch. 814 § 6; T.C.A., § 8–3925.]

§ 8–34–302 provides for membership of the board.

8–34–303 provides that, upon death or resignation of a "board member" the "board of trustees" will appoint a successor.

§ 8–34–304 provides that "the trustees" shall serve without compensation.

§ 8–34–305 prescribes an oath for "each trustee"

§ 8–34–306 provides that the State Treasurer shall be chairman of "the board of trustees"

§§ 8–34–308, 309, 312, 315, 316 and 317 also refer to "the board of trustees".

§ 8–34–313 provides:

Subject to the limitations of chapters 34 through 37 of this title, the board of trustees shall, from time to time, adopt and publish rules and regulations for the administration of the funds created by chapters 34 through 37 of this title and for the transaction of its business. [Acts 1972 (Adj.S.), ch. 814, § 6; T.C.A., § 8–3925].

§ 8–34–401 requires the "board of trustees" to designate a medical board.

8–34–403 requires the "board of trustees" to fix compensation of the medical board.

8–34–501 requires the "board of trustees" to designate an actuary to advise the "board of trustees" on "such matters as the board shall determine."

§ 8–34–503 requires the "board of trustees" to adopt mortality and service tables for use in all calculations in connection with the retirement system.

§ 8–34–505 requires the "board of trustees" to determine interest rates for use in all calculations.

It is seen that, although the words of the expression "board of trustees" are not capitalized in the statute, the clear intent of the statute is to create a special agency of the State Government named "Board of Trustees of The Tennessee Retirement System" and that the uncapitalized "board of trustees" is the governing body of the Retirement System.

It is also seen from the above that the Board of Trustees is required to make rules generally (§ 8–34–313) and specifically (§§ 8–34–503 and 505).

Plaintiffs rely upon T.C.A. § 4–5–102(10) which defines "rule" as an agency statement of general applicability that implements law or policy or describes the procedures or practice requirements of the agency.

The establishment of mortality and service tables and interest rates is certainly a statement of general applicability that implements law or policy and directly affects the benefits accruing to all public employees subject to the Consolidated Retirement System, and are not merely rules for the internal administration of the agency.

Therefore, the Board of Trustees of the Tennessee Consolidated Retirement System is an agency within the definition of § 4–5–102(2); and the courts are forbidden by § 4–5–224(b) from entertaining a declaratory judgment suit in respect to the validity or applicability of a statute unless said

Board has refused to issue a declaratory order.

Plaintiffs cite the rules which have been promulgated by the Board, but such evidence is irrelevant, since the statute defines an agency as one which is *authorized and required* to make rules, and not merely one which *has made* rules.

Plaintiffs next rely upon a list of agencies contained in a publication of the office of the Secretary of State. This Court does not conceive that by inadvertent or even intentional omission of a name from a list the statutory character of a State agency may be changed.

In addition to the statutory authority heretofore cited, there is an additional reason why the Board is an adjudicative agent. By being charged with the exclusive management of a division of State Government with exclusive authority to administer *and disburse* trust funds to thousands of governmental retirees, the Board is vested with implied and necessary power and duty to determine the amounts to be disbursed to each retiree. This power involves rights of individuals which may not be infringed without due process which brings to bear a constitutional mandate to conduct fair hearings and render just decisions in the "contested" cases which must of necessity arise in the performance of such a duty.

No merit is found in plaintiffs' first insistence.

■ Plaintiffs next insist that this suit does not involve a rule making proceeding or a "contested case."

T.C.A. § 4–5–102(3) defines a "contested case" as

... a proceeding, *including a declaratory proceeding,* in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing.

As heretofore pointed out, constitutional guaranties of due process, Constitution of the United States, Amendment Fourteen, and Constitution of Tennessee, Article I, Section 8 require such a determination.

Plaintiffs cite 4 other retirement cases in which T.C.A. § 4–5–224 was not invoked. The present section was enacted in 1982, hence it could not have been invoked in the two cited cases decided prior to that year. The two other cases cited by plaintiffs were decided by the Supreme Court in 1983, but it does not appear that section 4–5–224 was invoked in either case. The cited cases are therefore not persuasive on the subject of the applicability of the statute to the present case.

■ Plaintiffs argue that the refusal of jurisdiction cannot be supported by the doctrine of primary jurisdiction because the two factors required to activate the doctrine are not found in the present case. This Court disagrees.

The first factor is: Will deferral (to the administrative agency) be conducive toward uniformity or decision between courts and that agency? This Court can see a definite tendency to encourage uniformity in requiring the Agency to perform its primary duty of control over the exercise of its functions by its officials rather than to have said officials look directly to the courts for guidance.

The second factor is: Will deferral make possible the utilization of pertinent agency expertise? It appears that the expertise required by the present suit is an expertise in the law and interpretation of the law. The needs of the Agency in this respect are well provided by T.C.A. § 8–34–308 which states that the State Attorney General or his designated assistant shall advise the Board. It is clear that the legislature intended that the Agency utilize the legal expertise of the Attorney General and his staff as the primary source of legal guidance rather than constant recourse to the Courts whose mission is review under A.P.A. standards and not initial orders of instructions.

Appellants cite *Freels v. Northrup* Tenn. 1984, 678 S.W.2d 55, which was not a declaratory judgment suit against a governmental agency by multiple governmental retirees, but a civil suit between individuals about their respective rights in a certain property. The Supreme Court held that the Oil and Gas Board and the Courts had concurrent jurisdiction of the dispute and that there was no occasion for deferring jurisdiction to the Oil and Gas Board, the case being essentially a boundary dispute which was peculiarly within the jurisdiction of the Chancery Court.

The present case is peculiarly within the domain of the Board until it has made its decision after which aggrieved parties may seek review by the Courts. T.C.A. § 4–5–322.

■ Appellants next insist that the Board has no authority to make determinations of Constitutionality, citing *Goodwin v. Metropolitan Board of Health,* Tenn. App. 1983, 656 S.W.2d 383. In that opinion, this Court condemned the practice of combining a constitutional attack by certiorari with a petition for review of an administrative decision and said:

Of course, a non-judicial board has no power or authority to make constitutional rulings.

The statement is unsupported by citation and is not otherwise explained. It is obvious that the Court was simply saying that only a court may pronounce a declaratory judgment on the subject of constitutionality of a law, regulation or action. However, the Court did not say that an administrative agency has no power to consider a constitutional question in making determinations of matters committed to it by law.

The gravamen of this suit is that the Board should not apply Chapter 315 of the Public Acts of 1975 to reduce the retirement rights of plaintiffs. The Board, in pursuit of its statutory duties and after being advised by the Attorney General, has the power and duty to direct its employees as to how they should apply various laws in respect to the retirement rights of employees within the system.

■ Plaintiffs next insist that they have complied with T.C.A. § 4–5–224 by communicating with the director of the Retirement System and receiving an unfavorable response refusing to consult the Attorney General or to state an official opinion on the issue.

The "director" of the Retirement System is not "the agency." The "agency" is the Board of Trustees of the Tennessee Consolidated Retirement System, and there is no showing that any such communication has been made to or received from that Agency.

■ Plaintiffs next insist that "Defendant's (singular) letters represent a final agency action". There is no showing that any such letter was written by or upon direction of the Board.

■ Plaintiffs next complain that no procedures have been prescribed for seeking a declaratory order from the Board. There is no evidence of a refusal by the Board to prescribe such procedures after formal request to the Board. Moreover, the lack of prescribed procedures does not excuse the failure to make some form of application to the Board for relief.

■ Plaintiffs next insist that the answer of the "T.C.R.S." judicially admits that "it" has rejected the position of plaintiffs regarding the issues herein. There is no specific citation to the record to support this insistence which might be ignored. See Rule 6(b) Rules of this Court. An examination of the answer filed on behalf of the "Tennessee Consolidated Retirement System" discloses an admission that

> ... the director of the T.C.R.S. asserts that Chapter 315 of the Public Acts of 1975 is valid as applied to the plaintiffs ... (and)
>
> admits that the director of the T.C.R.S. has rejected Plaintiff's position....

If these are the assertions relied upon by plaintiffs, it must be reiterated that the "director" is not T.C.R.S., that the proper defendants in this suit were the members of the Board of Trustees of the Tennessee Consolidated Retirement System not the Tennessee Consolidated Retirement System and that the answer referred to was not filed by the Attorney General, the statutory counsel of the Board of Trustees.

Plaintiffs finally argue that the doctrine of exhaustion of remedies should not be invoked, but the Legislature, by enacting T.C.A. § 4–5–224, has determined that the Agency has primary original jurisdiction of the controversy. Therefore, the discretionary application of the doctrine of exhaustion of remedies in this case is moot.

■ In summary, both the statute and good judgment require that plaintiffs first seek from the Board of Trustees a definitive ruling on the issues. If the Board, after consulting the Attorney General, agrees with the position of plaintiffs, they have their relief without recourse to the Courts. If the Board should refuse to make a ruling or if the ruling should be unsatisfactory to plaintiffs, they have their statutory right of judicial review.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against plaintiffs. This cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

CANTRELL, J., and CORNELIUS, Special Judge, concur.