L.L. BEAN, INC., Plaintiff–Appellant,

v.

Fred BRACEY, Director of the Sales and Use Tax Division of the Tennessee Department of Revenue; Charles E. Cardwell, Commissioner of Revenue; and Charles W. Burson, Attorney General, Defendants–Appellees.

Supreme Court of Tennessee,
at Nashville.

Sept. 9, 1991.

Charles A. Trost, Joseph A. Woodruff, Waller, Lansden, Dortch & Davis, Nashville, George S. Isaacson, Martin I. Eisenstein, David W. Bertoni, Brann & Isaacson, Lewiston, Me., for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, Daryl J. Brand, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

DAUGHTREY, Justice.

This case is before us on direct appeal from the chancery court, where the plaintiff, L.L. Bean, Inc., originally sought a declaratory judgment, permanent injunctive relief, and an order quashing a summons issued by the Tennessee Department of Revenue. The chancellor granted partial relief, ruling that the summons was not properly issued; the defendants have not appealed that portion of the decree. But the chancellor granted the defendants' motion to dismiss and thereby denied the other relief sought by the company, which now seeks reversal of the judgment below. At issue is the jurisdiction of the trial court to entertain L.L. Bean's constitutional challenge to Tennessee's recently amended

sales tax statute, T.C.A. § 67–6–102. We conclude that the chancellor's ruling was correct in all respects and affirm.

## FACTUAL BACKGROUND

L.L. Bean, Inc., is a Maine corporation, with its principal place of business in Freeport, Maine. The company is engaged in retail sales, and it sends catalogues describing its products by mail to persons throughout the United States, including residents of Tennessee. At its Freeport offices, L.L. Bean accepts orders for products by mail and over the telephone, and it ships those orders by common carrier or other instruments of interstate commerce.

In April 1988, the Tennessee legislature enacted Chapter 789 of Public Acts of 1988. This legislation added the following language, currently codified at T.C.A. § 67–6–102(6)(J):

> 'Dealer' means every person, as used in this chapter, who ... engages in the regular or systematic solicitation of a consumer market in this state by the distribution of catalogues, periodicals, advertising flyers, or other advertising, or by means of print, radio or television media, by telegraphy, telephone, computer data base, cable, optic, microwave, or other communication system.

The purpose of this legislation was to impose Tennessee sales taxes, both state and local, with respect to sales to persons in the state of Tennessee made by parties that come within the foregoing definition of a dealer. The new legislation became effective on January 1, 1989.

On April 27, 1989, Fred Bracey, Director of the Sales and Use Tax Division of the Tennessee Department of Revenue, sent a letter to L.L. Bean in which he informed the company of the new Tennessee legislation. In this letter he wrote, "We are asking that you register and begin to collect our tax as quickly as possible."

In a subsequent exchange of letters between L.L. Bean and the Tennessee Department of Revenue, the department indicated its opinion that the company was a dealer within the meaning of the new legislation. The department asked for permission for its auditors to examine L.L. Bean's books and records, for the period beginning January 1, 1989. The company initially expressed its willingness to cooperate with the Department of Revenue, but also indicated its belief that Tennessee's new legislation was unconstitutional under the holding of the United States Supreme Court in *National Bellas Hess v. Illinois Revenue Department,* 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967).

On July 19, 1989, Charles E. Cardwell, Commissioner of Revenue, sent to L.L. Bean by certified mail a summons issued pursuant to T.C.A. § 67–1–1437(b)(1). The summons was not "delivered in hand to the person to whom it is directed," as required by T.C.A. § 67–1–1437(b)(1). It demanded that a representative of L.L. Bean appear before Fred Bracey at his office in Nashville on August 1, 1989. It also demanded that the company produce at that time "all books and records pertaining to sales and shipments to Tennessee customers for the period of January 1, 1989, through June 30, 1989."

On August 25, 1989, L.L. Bean filed a complaint in the chancery court.[1] In it, the company requested a declaratory judgment that T.C.A. § 67–6–102(6)(J) and the defendants' attempt to enforce it by the issuance of the summons violated the interstate commerce clause of the United States Constitution,[2] the due process clause of the 14th Amendment to the United States Constitution, and 42 U.S.C. § 1983. The complaint also asked that the defendants be permanently enjoined from obtaining access to L.L. Bean's records or otherwise treating L.L. Bean as a "dealer" under the new Tennessee statute. Finally, the complaint requested that the summons be declared "invalid and without effect" on federal constitutional grounds and also because the summons failed to meet the procedural requirements of T.C.A. § 67–1–

---

1. The complaint was amended on March 12, 1990.

2. Article I, § 8, clause 3.

1437(b)(1). In its complaint, L.L. Bean cited as grounds for the chancery court's jurisdiction the following: T.C.A. §§ 29–14–102, T.C.A. §§ 4–5–223 and 4–5–224, 42 U.S.C. § 1983, and T.C.A. § 16–11–103.

The defendants subsequently filed a motion to dismiss the complaint, based on lack of jurisdiction over the subject matter of the complaint. After a hearing on this motion, the chancellor issued an order granting the motion to dismiss.

In regard to L.L. Bean's request for injunctive relief and a declaratory judgment pursuant to 42 U.S.C. § 1983, the chancellor noted that, pursuant to 28 U.S.C. § 1341, federal courts are denied jurisdiction with respect to 42 U.S.C. § 1983 actions involving state tax matters when there is a plain, adequate, and speedy remedy in the state courts. The chancellor held that Tennessee affords such a remedy in state tax cases and that the procedure is declared by T.C.A. § 67–1–1804 to be the exclusive remedy under state law. The chancellor concluded that the same principle that denies federal courts jurisdiction with respect to 42 U.S.C. § 1983 actions involving state tax matters should prevent state courts from entertaining such actions when an adequate state remedy is otherwise available.

In regard to jurisdiction under Tennessee's declaratory judgment act, T.C.A. §§ 29–14–101 et seq., the chancellor held that the chancery court had no jurisdiction with respect to state tax controversies. In support of this ruling, he cited *Northern Telecom, Inc. v. Taylor*, 781 S.W.2d 837 (Tenn.1989), and *American Can Company v. McCanless*, 183 Tenn. 491, 193 S.W.2d 86 (1946).

For the reasons set out below, we affirm the chancellor's decision granting the defendants' motion to dismiss, based on lack of subject matter jurisdiction.

## ANALYSIS

L.L. Bean's challenge to the constitutionality of the sales tax statute is based on the fact that the company maintains no offices, facilities, property, employees, sales representatives, or agents in the state of Tennessee, nor does it advertise in Tennessee. L.L. Bean thus contends that the application of T.C.A. § 67–6–102(6)(J) to the proceeds of its catalogue sales would violate the company's rights under the interstate commerce clause and the due process clause of the federal constitution.

In support of its complaint against the Department of Revenue, L.L. Bean pleaded four separate jurisdictional grounds in chancery court. Our analysis of each follows.

### 1. 42 U.S.C. § 1983 and the Tax Injunction Act

L.L. Bean first asserts that by the issuance of the summons the defendants have violated, and by any further attempts to apply T.C.A. § 67–6–102(6)(J) would continue to violate, the company's rights pursuant to 42 U.S.C. § 1983. That federal statute provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Moreover, § 1983 has recently been held to confer jurisdiction, on both state and federal courts, in suits alleging violation of the interstate commerce clause of the federal constitution. *Dennis v. Higgins*, —— U.S. ——, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991).

L.L. Bean contends that, pursuant to the foregoing statute and the United States Supreme Court's decision in *Howlett v. Rose*, 496 U.S. ——, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the chancery court has jurisdiction in this case. We conclude that this argument is defeated by the provision of exclusivity in T.C.A. § 67–1–1804 and by the policy considerations of the Tax Injunction Act of 1937.

T.C.A. § 67–1–1804 provides, in pertinent part, as follows:

> The procedure established by Acts 1986, Chapter 749 is the sole and exclusive jurisdiction for determining liability for all taxes collected or authorized by the commissioner of revenue.

The procedure referred to in T.C.A. § 67–1–1804 involves both refund suits in Tennessee chancery courts with respect to taxes that have been paid (either voluntarily or following an assessment by the Department of Revenue) and suits in chancery court challenging assessments made by the Department of Revenue, which suits must be filed within 90 days following such an assessment and must be accompanied by provision of collateral. L.L. Bean has not followed either route in this case.

The Tax Injunction Act of 1937 is codified as 28 U.S.C. § 1341. This federal statute provides as follows:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

In *California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982), the United States Supreme Court considered the application of the Tax Injunction Act of 1937 in a dispute over the collection of state taxes. The plaintiff sought, in federal district court, to enjoin the state of California from collecting information regarding state unemployment insurance taxes and to enjoin collection of such taxes. The plaintiffs also sought a declaratory judgment that the state unemployment insurance tax statute was unconstitutional. As an alternative to the relief the plaintiffs were seeking in federal district court, they could have paid the unemployment insurance taxes and sought a refund in a California state court.

In its decision in *California v. Grace Brethren Church,* the United States Supreme Court noted:

> Finally, we must keep in mind that at the time that it passed the Tax Injunction Act, Congress was well aware that refund procedures were the sole remedy in many states for unlawfully collected taxes.

457 U.S. at 416, 102 S.Ct. at 2512.

Notwithstanding the fact that the plaintiffs in *California v. Grace Brethren Church* had not yet paid the contested unemployment insurance taxes, and thus could not yet avail themselves of the refund procedure, the Supreme Court held:

> Accordingly, because the appellees could seek a refund of their state unemployment insurance taxes, and thereby obtain state judicial review of their constitutional claims, we hold that their remedy under state law was 'plain, speedy and efficient' within the meaning of the Tax Injunction Act, and consequently, that the district court had no jurisdiction to issue injunctive or declaratory relief.

457 U.S. at 417, 102 S.Ct. at 2512–13.

In *California v. Grace Brethren Church,* the United States Supreme Court followed its holding in *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). In that case, a taxpayer sought, pursuant to 42 U.S.C. § 1983, to enjoin the collection of property taxes. The Supreme Court held that the Tax Injunction Act of 1937 denied the federal district court jurisdiction with respect to this 42 U.S.C. § 1983 action. In so holding, the Court found the procedure that was available in state court, by which the taxpayer could have paid the property taxes under protest and sought a refund, to be a "plain, speedy and efficient remedy" within the meaning of the Tax Injunction Act of 1937, notwithstanding the fact that the taxpayer had not yet paid the property taxes. The holding in *Rosewell* and *Grace Brethren Church* has since been followed in *Franchise Tax Board of California v. Alcan Aluminum Ltd.,* 493 U.S. 331, 110 S.Ct. 661, 107 L.Ed.2d 696 (1990).

Moreover, in *Wright v. McClain,* 835 F.2d 143 (6th Cir.1987), the Sixth Circuit Court of Appeals dealt with the application of the Tax Injunction Act of 1937 to a constitutional challenge, made in federal district court, to a Tennessee tax statute. The Sixth Circuit held that the Tax Injunc-

tion Act of 1937 precluded jurisdiction, stating as follows:

> Accordingly, since it is undisputed that Tennessee offers appellant a plain, speedy and efficient remedy for the wrong of which he complains, the federal court is without jurisdiction to entertain this cause and the district court properly dismissed it.

835 F.2d at 145.

Despite the weight of federal authority directly on point, L.L. Bean contends that the chancery court is required to adjudicate its § 1983 claim based on the recent decision in *Howlett v. Rose*, 496 U.S. ——, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). The issue before the United States Supreme Court in that case was stated by the Court as follows:

> The question in this case is whether a state law defense of 'sovereign immunity' is available to a school board *otherwise subject to suit in a Florida Court* even though such a defense would not be available if the action had been brought in a federal forum.

496 U.S. at ——, 110 S.Ct. at 2433, 110 L.Ed.2d at 342 (emphasis added).

In *Howlett v. Rose*, there was no question that the Florida state court had jurisdiction of the matter before it. The United States Supreme Court held that, pursuant to the supremacy clause of the federal constitution, a defense of sovereign immunity that would not have been available in federal court is not available in a state court. Notwithstanding this holding, the Supreme Court observed:

> The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the state create a court competent to hear the case in which the federal claim is presented. The general rule 'bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them.'

496 U.S. at ——, ——, 110 S.Ct. at 2441, 110 L.Ed.2d at 350, 351.

Hence, the United States Supreme Court did not hold in *Howlett v. Rose* that a state court must adjudicate a claim made under § 1983 that a federal court would not be required (or permitted) to entertain. Under the Court's holdings in *Grace Brethren Church* and *Rosewell*, and under the Sixth Circuit's holding in *Wright v. McClain*, it is clear that because of the Tax Injunction Act of 1937, the federal courts would be without jurisdiction to adjudicate the § 1983 claim that L.L. Bean is asserting. The United States Supreme Court's holding in *Howlett v. Rose* does not change that fact and obviously does not require a Tennessee chancery court to adjudicate L.L. Bean's claim.

The Tax Injunction Act of 1937, by its terms, applies to federal courts and not to state courts. However, a majority of states that have considered the issue have held that a claim involving state taxes made pursuant to 42 U.S.C. § 1983 that would be barred in federal court because of the Tax Injunction Act should not be heard in a state court if an adequate remedy with respect to the matter is otherwise available. For example, in *Linderkamp v. Bismarck School District No. 1*, 397 N.W.2d 76 (N.D.1986), the Supreme Court of North Dakota observed as follows:

> Although the jurisdictional proscription of the Tax Injunction Act by its terms applies only to federal district court, numerous state courts presented with this issue have held that state court jurisdiction is similarly limited, on the theory that a § 1983 challenge which could not be brought in federal court should not be allowed in a state court.

397 N.W.2d at 78, 79.

And, in *Zizka v. Water Pollution Control Authority*, 195 Conn. 682, 490 A.2d 509 (1985), the Supreme Court of Connecticut noted:

> Although § 1341 (the Tax Injunction Act) does not operate as a jurisdictional barrier in state courts, it nonetheless points the way to the proper standard by which state tax challenges should be measured. In a § 1983 suit seeking relief from the collection of state taxes, we may impose

limitations that, like those of § 1341, inquire into whether the claimants have been afforded a statutory remedy that is 'plain, speedy and efficient' ... since the (Connecticut) General Assembly has fashioned an exclusive adequate remedial system for challenging excessive ... we see no need to subject state tax collectors to state actions brought under § 1983. 490 A.2d at 513, 514.

■ We hold that the exclusive remedy afforded by T.C.A. §§ 67–1–1801 et seq. is adequate for purposes of determining any liability L.L. Bean may have for Tennessee sales taxes. In a proceeding brought pursuant to such statutory provisions, L.L. Bean can raise its constitutional objections to the application to it of T.C.A. § 67–6–102(6)(J).

We are not inclined to deviate from this holding based on the company's contention that the statutory remedy is not actually available because no assessment has been made by the Department of Revenue. If and when an assessment is made, or L.L. Bean pays even nominal Tennessee sales taxes and institutes refund litigation, that remedy will be available. Hence, the company is now in the same posture that the taxpayers occupied in the cases of *California v. Grace Brethren Church, supra,* and *Rosewell v. LaSalle Nat'l Bank, supra,* in which the United States Supreme Court held that the availability of refund procedures was sufficient reason to deny federal district courts jurisdiction to entertain actions under 42 U.S.C. § 1983, notwithstanding the fact that those taxpayers had not yet paid the taxes and thus could not yet seek refunds. As did the high courts of North Dakota and Connecticut, we decline to recognize § 1983 jurisdiction in state court over a matter that would not be cognizable in federal court on the basis of § 1983. To do otherwise would undermine the exclusive authority provided in T.C.A. § 67–1–1804 for determining liability with respect to taxes collected or administered by the Department of Revenue.

### 2. Declaratory Judgment Act

L.L. Bean claims that pursuant to Tennessee's declaratory judgment act, T.C.A. §§ 29–14–101 et seq., it is entitled to a decision in chancery court with respect to its request for a declaratory judgment that the application to it of T.C.A. § 67–6–102(6)(J) violates the federal constitution. The company cites in particular T.C.A. § 29–14–102, subsection (a) of which provides as follows:

> Courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

As the Department of Revenue notes, however, this argument by L.L. Bean is contrary to the holding in *Northern Telecom, Inc. v. Taylor,* 781 S.W.2d 837 (Tenn. 1989). In that case, a taxpayer brought an action against the Commissioner of Revenue and the Attorney General, seeking a declaratory judgment that the Commissioner of Revenue was authorized to refund its corporate excise taxes. In our decision in *Northern Telecom,* we quoted the following language from the earlier case of *Hill v. Beeler,* 199 Tenn. 325, 286 S.W.2d 868 (1956):

> The Declaratory Judgment Act, § 8835 (currently §§ 29–14–101, et seq.), does not permit the filing of a suit against the state to construe statutes so it seems to us that there is no authority for the suit but that code section 8634 (currently § 20–13–102) expressly forbids such an action.

199 Tenn. at 332, 333, 286 S.W.2d 868.

■ Thus, in *Northern Telecom, Inc., v. Taylor,* we concluded that the statute does not give trial courts jurisdiction to issue declaratory judgments against the Commissioner of Revenue. We adhere to that ruling in this case.

Furthermore, we reject L.L. Bean's argument that it can avoid the holding of *Northern Telecom* in this action by suing Charles E. Cardwell, Fred Bracey and Charles W. Burson as individuals, and not just in their capacities as state officials. That argument presupposes that the holdings in *Northern Telecom, Inc. v. Taylor* and *Hill v. Beeler* were based solely on the

doctrine of sovereign immunity, which L.L. Bean contends does not apply when individuals are sued as individuals and not in their capacities as representatives of the state government.

The short answer to this argument is that the decisions in *Northern Telecom* and *Hill v. Beeler* are not based solely on the doctrine of sovereign immunity. The result in both cases also has as a sufficient basis for decision the lack of subject matter jurisdiction. Even to the extent that they do rely on the doctrine of sovereign immunity, their holdings are not made inapplicable in cases involving state revenue by the device of designating defendants as individuals rather than as state officials. *See Auto Sales Company v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453 (1938).

In addition to case law, the exclusivity provision of T.C.A. § 67–1–1804 establishes an independent basis for holding that the chancery court should not have jurisdiction to issue a declaratory judgment pursuant to T.C.A. § 29–14–102 in an action such as this, involving state revenue.

### 3. T.C.A. §§ 4–5–223 and 4–5–224

L.L. Bean next contends that the chancery court has jurisdiction to render a declaratory judgment in this case, pursuant to T.C.A. § 4–5–224. That statute provides as follows:

(a) The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the Chancery Court of Davidson County, *unless otherwise specifically provided by statute*, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the complainant. The agency shall be made a party to this suit.

(b) A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

(c) In passing on the legal validity of a rule or order, the court shall declare the rule or order invalid only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with the rule making procedures provided for in this chapter or otherwise violates state or federal law.

(Emphasis added.)

■ We find no merit to this jurisdictional contention. L.L. Bean challenges the validity of T.C.A. § 67–6–102(6)(J) on constitutional grounds. Under existing Tennessee case law, the Davidson County Chancery Court has been held to be without jurisdiction to consider the constitutionality of a statute pursuant to T.C.A. § 4–5–224, when the issue has not first been presented to an administrative agency pursuant to T.C.A. § 4–5–223. In *Crawford v. Consolidated Retirement System*, 732 S.W.2d 293 (Tenn.App.1987), the Court of Appeals held that the Board of Trustees of the Tennessee Consolidated Retirement System had the authority to consider the constitutionality of a statute. Therefore, the court reasoned, the Davidson County Chancery Court had no jurisdiction to consider such a question, pursuant to T.C.A. § 4–5–224, until the issue had first been presented to that agency.

Furthermore, we conclude that whatever jurisdiction the Davidson County Chancery Court may have to issue a declaratory judgment regarding the constitutionality of a statute pursuant to T.C.A. § 4–5–224, that authority should not be exercised regarding a statute dealing with state tax revenue *if such exercise of jurisdiction* would, as it would in this case, be in conflict with and undermine the exclusive jurisdiction for determining liability for taxes that is bestowed by T.C.A. § 67–1–1804. In the language of § 4–5–224(a), jurisdiction to hear tax disputes is "otherwise specifically provided by statute," that is, by § 67–1–1804.

*4. T.C.A. § 16–11–103*

In its complaint, L.L. Bean cited T.C.A. § 16–11–103 as a basis for the chancery court's jurisdiction in this matter. That statute provides as follows:

> The chancery court has exclusive original jurisdiction of all cases of an equitable nature, where a debt or demand exceeds fifty dollars ($50.00), unless otherwise provided by this Code. It has no jurisdiction of any debt or demand of less value than fifty dollars ($50.00), unless otherwise specifically provided.

■ This contention requires no elaborate response. Obviously, with respect to judicial determinations that have the effect, directly or indirectly, of determining liability for taxes that are collected by the Department of Revenue, T.C.A. § 67–1–1804 overrides the jurisdiction that a chancery court would otherwise have under T.C.A. § 16–11–103.

### CONCLUSION

Upon review of the jurisdictional bases asserted by L.L. Bean, we conclude that none has merit. Exercise by the chancery court of jurisdiction in this matter under any of the theories advanced would have the effect of determining the company's liability for state sales taxes and would therefore be in conflict with T.C.A. § 67–1–1804.

If and when L.L. Bean is assessed with, or voluntarily pays, sales taxes under T.C.A. § 67–6–102(6)(J), it will have an opportunity to present constitutional challenges to the application of that statute. In the meantime, the judgment of the trial court dismissing the complaint is affirmed. Costs will be paid by the plaintiff.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.