BLOOMINGDALE'S BY MAIL
LTD., Plaintiff/Appellant,

v.

Joe B. HUDDLESTON, in his capacity as Commissioner of Revenue of the State of Tennessee and Charles W. Burson in his capacity as Attorney General of the State of Tennessee, Defendants/Appellees.

Supreme Court of Tennessee,
at Nashville.

Dec. 21, 1992.

Rehearing Denied Feb. 22, 1993.

Joseph W. Gibbs, Patricia Head Moskal, Boult, Cummings, Conners & Berry, Nashville, Maryann B. Gall, Jones, Day, Reavis & Pogue, Columbus, OH, and Timothy B. Dyk and Edward K. Bilich, Jones, Day, Reavis & Pogue, Washington, DC, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. & Reporter, John Knox Walkup, Sol. Gen., Charles L. Lewis, Deputy Atty. Gen. and Joe C. Peel, Asst. Atty. Gen., Nashville, for defendants-appellees.

OPINION

PER CURIAM.

The parties have agreed that the disposition of this case is controlled by the United States Supreme Court's decision in *Quill Corp. v. North Dakota,* 504 U.S. ——, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992). Therefore the decision of the Chancery Court granting summary judgment in favor of the Defendants is vacated. The revised assessment is set aside in its entirety. The Plaintiff is not obligated to collect or remit Tennessee use tax.

The parties do not, however, agree concerning what law governs the award of attorneys' fees. For reasons hereinafter set forth, we hold that the upper limit on attorneys' fees set forth in T.C.A. § 67-1-1803(d) is not controlling in this case. We remand the case to the trial court for a determination of the amount of attorneys' fees to be awarded to the Plaintiff–Appellant in accordance with the following rules.

## I.

The Defendants–Appellees contend that the award of attorneys' fees is governed by T.C.A. § 67-1-1803(d), which provides as follows:

> The court shall award to the prevailing party reasonable attorneys' fees and expenses of litigation up to twenty percent (20%) of the amount assessed or denied, including interest after payment.

The Appellant, on the other hand, asserts that, since *Quill Corp. v. North Dakota, supra,* was decided on the basis of a violation of a taxpayer's rights under the United States Constitution, the award of attorneys' fees is controlled by 42 U.S.C. § 1988. This federal statute provides, in pertinent part, as follows:

> In any action or proceeding to enforce a provision of (42 U.S.C. § 1983), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In *Quill Corp. v. North Dakota, supra,* the U.S. Supreme Court determined that a statute similar to the Tennessee statute involved in this case (T.C.A. § 67-6-102(6)(J)) was unconstitutional because it violated the Commerce Clause of the United States Constitution. The U.S. Supreme Court agreed with the Supreme Court of North Dakota that the statute did not violate the Due Process Clause of the U.S. Constitution. The U.S. Supreme Court stated as follows:

> Despite the similarity in phrasing, the nexus requirements of the Due Process and Commerce Clauses are not identical. The two standards are animated by different constitutional concerns and policies.

> Due process centrally concerns the fundamental fairness of governmental activity. Thus, at the most general level, the due process nexus analysis requires that we ask whether an individual's connection with a State are substantial enough to legitimate the State's exercise of power over him. We have, therefore, often identified "notice" or "fair warning" as the analytic touchstone of due process nexus analysis. In contrast, the Commerce Clause, and its nexus requirement, are informed not so much by concerns about fairness for the individual defendant as by structural concerns about the effects of state regulation on the national economy.... Accordingly, contrary to the State's suggestion, a corporation may have the "minimum contacts" with a taxing state as required by the Due Process Clause, and yet lack the "substantial nexus" with that State as required by the Commerce Clause. 504 U.S. ——, at ——, ——, 112 S.Ct. 1904, at 1913, 1914.

The U.S. Supreme Court, in *Quill Corporation v. North Dakota, supra,* determined that the North Dakota statute violated the "substantial nexus" requirement of the Commerce Clause of the U.S. Constitution because the statute purported to subject to taxation business entities that maintained no property or personnel in the State of North Dakota.

In *Howlett v. Rose,* 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332, (1990), the plaintiff was proceeding in a state court to enforce his federal constitutional rights pursuant to 42 U.S.C. § 1983. The issue before the U.S. Supreme Court was stated by the Court as follows:

> The question in this case is whether a state law defense "sovereign immunity" is subject to a school board *otherwise subject to suit in Florida court* even though such a defense would not be available if the action had been brought in a federal forum. (Emphasis added.) 496 U.S. 356, at 358–359, 110 S.Ct. 2430, at 2433.

The U.S. Supreme Court, in *Howlett v. Rose,* answered the foregoing question in the negative, stating as follows:

A state court may not deny a federal right, when the parties and controversy are properly before it, in the absence of "valid excuse" ... The existence of the jurisdiction creates an implication of duty to exercise it....

An excuse that is inconsistent with or violates federal law is not a valid excuse: the Supremacy Clause forbids state courts to disassociate themselves from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source. 496 U.S. 356, at 369, 371, 110 S.Ct. 2430, at 2439, 2440.

In dicta that makes it clear that the U.S. Supreme Court's decision in *Howlett v. Rose* is not inconsistent with the Tennessee Supreme Court's decision in *L.L. Bean, Inc. v. Bracey,* 817 S.W.2d 292 (Tenn.1991), the U.S. Supreme Court stated as follows:

The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the State create a court competent to hear the case in which the federal claim is presented. The general rule "bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them." 496 U.S. 356, at 372, 110 S.Ct. 2430, at 2441.

The statute relied on by the plaintiff in *Howlett v. Rose,* 42 U.S.C. § 1983, provides part as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In *Dennis v. Higgins,* 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991), a taxpayer sought relief in a state court pursuant to 42 U.S.C. § 1983. The taxpayer contended that certain retaliatory taxes and fees imposed by the State of Nebraska on carriers and vehicles such as his, which were registered in other states but operated in Nebraska, constituted a burden that violated his rights under the Commerce Clause of the U.S. Constitution. The U.S. Supreme Court summarized the question presented and its response as follows:

This case presents the question of whether suits for violation of the Commerce Clause may be brought under 93 Stat. 1284, as amended, 42 U.S.C. § 1983. We hold that they may. 498 U.S. 439, at ——, 111 S.Ct. 865, at 867.

The Court in *Dennis v. Higgins,* further stated as follows:

Petitioner contends that the Commerce Clause confers "rights, privileges, or immunities" within the meaning of § 1983. We agree. 498 U.S. 439, at ——, 111 S.Ct. 865, at 870.

In *Rogers v. Saylor,* 306 Or. 267, 760 P.2d 232 (1988), the issue before the Supreme Court of Oregon was as follows:

This case presents the question whether the limitations on individual or governmental liability contained in the Oregon Tort Claims Act ... apply to an action which states a claim under the federal civil rights act, 42 U.S.C. § 1983, when that claim is brought in state court. 760 P.2d 232, at 234.

The Supreme Court of Oregon concluded that the limitations in the Oregon Claims Tort Act did not apply, stating as follows:

Whether characterized as a part of the traditional limitation which holds that the courts of one state cannot alter the substantive rights afforded by another jurisdiction even when an action is brought outside that jurisdiction, or, as we here recognize, that the United States Constitution prohibits limitations of federal rights in a state court, the result is the same: Neither the Oregon legislature nor the Oregon courts can limit the rights a plaintiff has in a federal claim, even when that federal claim is brought in state court. 760 P.2d 232, at 242.

In *Spain v. Mountanos,* 690 F.2d 742 (9th Cir.1982), the Court of Appeals for the 9th Circuit concluded that state officials could not rely on state law to deny or limit an award of attorneys' fees under 42 U.S.C. § 1988. The Court of Appeals for the 9th Circuit stated as follows:

As the district court recognized, appellees are entitled to attorneys' fees as the prevailing parties under 42 U.S.C. § 1988. In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that the Eleventh Amendment does not bar an attorneys fee award against a state under that statute. In particular, the Court concluded that in enacting section 1988, Congress intended to invoke its enforcement power under Section 5 of the Fourteenth Amendment to remove the states' protection under the Eleventh Amendment. 690 F.2d 742, at 744.

The Ninth Circuit Court of Appeals further stated:

We agree with the Fifth Circuit that a state cannot frustrate the intent of § 1988 by setting up state law barriers to block enforcement of an attorneys' fees award. 690 F.2d 742, at 746.

In *Americans United for Separation of Church and State v. School District of the City of Grand Rapids,* 835 F.2d 627 (6th Cir.1987), the plaintiffs had prevailed in asserting their rights under the 14th Amendment to the U.S. Constitution and were awarded declaratory and injunctive relief against a school district. The plaintiffs sought an award of attorneys' fees under 42 U.S.C. § 1988, even though they had not specifically mentioned 42 U.S.C. § 1983 or § 1988 in their complaint. The Court of Appeals for the 6th Circuit concluded that attorneys' fees should be awarded under § 1988. The Court then stated:

The rule to be distilled from these decisions is that § 1988 is concerned with the substance of a prevailing party's action, rather than the form in which it is presented. The mere failure to plead or argue reliance on § 1983 is not fatal to a claim for attorneys' fees if the pleadings and evidence do present a substantial Fourteenth Amendment claim for which § 1983 provides a remedy, and this claim is related to the plaintiffs' ultimate success. 835 F.2d 627, at 631.

The Court further stated:

The Supreme Court has stated that only two allegations are required to state a cause of action under § 1983: (1) a plaintiff must allege that some person has deprived him of a federal right; and (2) he must allege that the person so depriving him acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). 835 F.2d 627, at 632.

The Court concluded as follows:

In summary, we conclude that the plaintiffs satisfied the requirements of § 1988 in that they prevailed in action to enforce a provision of § 1983—redress against persons acting under color of state law whose actions deprived the plaintiffs of "rights, privileges, or immunities secured by the Constitution." As the Supreme Court noted in *Maher v. Gagne* [448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)], this conclusion is supported by the legislative history of § 1988 which "makes it perfectly clear that the Act was intended to apply to any action for which § 1983 provides a remedy." 448 U.S. at 129 note 11, 100 S.Ct. at 2574 note 11. (citation omitted). This was such an action. 835 F.2d 627, at 633 and 634.

In *L.K. v. Gregg,* 425 N.W.2d 813 (Minn. 1988), the issue before the Supreme Court of Minnesota was as follows:

The threshold question before the Court then is whether the veterans' suit was brought "to enforce a provision" of § 1983 when the statute was not specifically relied on or cited in the pleadings. If the allegations cannot support an action under § 1983, attorney fees are not available and the remaining questions need not be reached. 425 N.W.2d 813, at 817, 818.

The Supreme Court of Minnesota concluded that attorneys' fees should be

awarded under 42 U.S.C. § 1988. The Court stated:

> We believe the better practice would be for the Court to look at the *substance,* rather than the form, of the underlying action in making its determination of whether the claim is cognizable under section 1983. (Emphasis in original.) 425 N.W.2d 813, at 818.

The Court concluded by stating:

> In summary, when the pleadings are considered as a whole, the veterans, while not specifically citing to section 1983, appear to have met the minimum requirements for establishing a claim for relief thereunder as enunciated by the United States Supreme Court. 425 N.W.2d 813, at 820.

The Appellees in this case rely on this Court's decision in *L.L. Bean, Inc. v. Bracey,* 817 S.W.2d 292 (Tenn.1991). However, the Court's decision in that case supports the Appellant, not the Appellees. The issue in *L.L. Bean* was whether a chancery court had subject matter jurisdiction regarding a claim brought under 42 U.S.C. § 1983. The taxpayer in that case had not received an assessment, nor had it paid any taxes that it contested. This Court concluded that the chancery court should not assume jurisdiction of the case. We stated as follows:

> As did the high courts of North Dakota and Connecticut, we decline to recognize § 1983 jurisdiction in state court over a matter that would not be cognizable in federal court on the basis of § 1983. To do otherwise would undermine the exclusive authority provided in T.C.A. § 67–1–1804 for determining liability with respect to taxes collected or administered by the Department of Revenue. 817 S.W.2d 292, at 297.

Unlike the taxpayer in *L.L. Bean,* Bloomingdale's By Mail, Ltd. had received an assessment and was properly before the chancery court pursuant to the provisions of T.C.A. §§ 67–1–1801 *et. seq.* The holding of the Supreme Court in *L.L. Bean* supports Bloomingdale's By Mail, Ltd. in this case. That holding was stated as follows:

> We hold that the exclusive remedy afforded by T.C.A. §§ 67–1–1801 *et seq.* is adequate for purposes of determining any liability L.L. Bean may have for Tennessee sales taxes. *In a proceeding brought pursuant to such statutory provisions, L.L. Bean can raise its constitutional objections to the application to it of T.C.A. §§ 67–6–102(6)(J).* (Emphasis added.) 817 S.W.2d 292, at 297.

## II.

■ Pursuant to the foregoing authority, a state court that has subject matter jurisdiction may not deny a party to such proceeding its federal rights. These Federal rights include rights under the Commerce Clause of the U.S. Constitution. If the party enforcing such rights is successful, that party is entitled to receive an award of attorneys' fees under 42 U.S.C. § 1988, even though that party did not specifically plead or rely on 42 U.S.C. § 1983 in prosecuting its claim.

■ The provision that governs the award of attorneys' fees in this case is 42 U.S.C. § 1988. Under that provision, "the court, in its discretion, may allow the prevailing party other than the United States, a reasonable attorneys' fees as part of the costs." Even though the Federal statute provides that a court had discretion in awarding attorneys' fees under 42 U.S.C. § 1988, the cases interpreting that statute state that the prevailing party should receive an award, unless there are "special circumstances" that would render an award unjust. *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *Monroe v. County Board of Education,* 583 F.2d 263 (6th Cir.,1978).

To the extent that T.C.A. § 67–1–1803(d) does not conflict with 42 U.S.C. § 1988, the Tennessee statute's provisions should be applicable. Thus, under the state statute, the plaintiff is entitled to an award of reasonable attorneys' fees up to 20% of the amount assessed. If its (reasonable) attorneys' fees are in excess of that amount, then the court should award the full amount of the attorney's fees (unless there are "special circumstances" not present in

this case, that would render such an award unjust). The court may *not* rely on the Tennessee statute to limit the amount of attorneys' fees that would otherwise be awarded under the Federal statute.

## III.

### CONCLUSION

■ T.C.A. § 67–6–102(6)(J) is declared null and void because it is in violation of the Commerce Clause of the United States Constitution. Plaintiff–Appellant's Commerce Clause rights were violated by the Commissioner of Revenue's unconstitutional imposition of a duty on the Plaintiff to register as a dealer in Tennessee and collect use tax on its mail order sales.

This case is remanded to the Chancery Court with the following directives: (1) The judgment of the Chancery Court is reversed and vacated. The Chancery Court shall issue judgment in favor of the Plaintiff–Appellant in which it declares that the assessment of taxes against the Appellant is invalid and that the Appellant shall not be required to collect or remit Tennessee use taxes. (2) The Chancery Court shall make a determination of the amount of attorneys' fees and expenses of litigation to which the Appellant is entitled, such determination to be made in a manner consistent with the foregoing opinion of this Court. All court costs, including those on appeal, are adjudged against the Defendants.

### ORDER ON PETITION TO REHEAR

Defendants–Appellees Joe Huddleston, Commissioner of Revenue, and Charles W. Burson, Attorney General of Tennessee have filed a Petition to Rehear in the above styled case. After careful consideration, the Court is of the opinion that the Petition to Rehear is not well taken and the same is denied at the cost of Defendants–Appellees.