ROY L. McCAMEY,                          )
                                         )
          Petitioner/Appellant,          )
                                         )     Appeal No.
                                         )     01-A-01-9701-CH-00033
VS.                                      )
                                         )     Davidson Chancery
                                         )     No. 95-2962-II
TENNESSEE DEPARTMENT OF                  )
CORRECTION, et al.,                      )
                                         )
          Respondents/Appellees.         )

FILED

April 30, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


HONORABLE WALTER M. KURTZ, CHANCELLOR BY INTERCHANGE


Roy L. McCamey
P. O. Box 5000
Northeast Correctional Center
Mountain City, Tennessee 37683-5000
PRO SE/ PETITIONER/APPELLANT

John Knox Walkup
Attorney General and Reporter

Patricia C. Kussmann
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee
ATTORNEY FOR RESPONDENTS/APPELLEES


**AFFIRMED AND REMANDED**



HENRY F. TODD,
PRESIDING JUDGE, MIDDLE SECTION


CONCURS:

SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

ROY L. McCAMEY,                          )

|                              | )  |                          |
|------------------------------|----|--------------------------|
| Petitioner/Appellant,        | )  |                          |
|                              | )  | Appeal No.               |
|                              | )  | 01-A-01-9701-CH-00033    |
| VS.                          | )  |                          |
|                              | )  | Davidson Chancery        |
|                              | )  | No. 95-2962-II           |
| TENNESSEE DEPARTMENT OF       | )  |                          |
| CORRECTION, et al.,          | )  |                          |
|                              | )  |                          |
| Respondents/Appellees.       | )  |                          |

# O P I N I O N

This is a suit for declaratory judgment which was dismissed by the Trial Court for failure to state a claim for which relief can be granted. The plaintiff-appellant presents the following issues for review:

> I.      Whether the appellee's failure to give the appellant a due process hearing prior to the movement and increase of his release eligibility date violates the appellant's rights to due process of law.
>
> II.      Whether the appellee's use of T.C.A. § 40-28-123(b) to increase the appellant's release eligibility date was without authority and violates constitutional provisions.
>
> III.      Whether the Davidson County Chancery Court improperly denied the appellant's Petition for Declaratory Judgment.

## I.

### The Complaint

The complaint is captioned, "Declaratory Judgment." It states:

> Comes the plaintiff, Roy L. McCamey, Pro Se, and brings this action before this Honorable Court pursuant to the Uniform Administrative Procedures Act, T.C.A. § 4-5-101, et seq.

> Reasons stated as follows:

1.	The plaintiff, Roy L. McCamey #118615 is incarcerated at P. O. Box 5000, Northeast Correctional Center, Mountain City, Tenn.  37683.

2.	The plaintiff's parole eligibility date has been recalculated from 06/13/99 to 02/03/2020 by the defendants.

3.	The defendants have used their authorities to impair the plaintiff's legal rights to due process of law by recalculating the plaintiff's parole eligibility date without a due process hearing.

4.	The defendants have applied the statute pursuant to T.C.A. § 40-28-123(b) to recalculate the plaintiff's parole eligibility date.

5.	The plaintiff submitts [sic] the statute pursuant to T.C.A. § 40-28-123 (b), violates constitutional provisions under the Tennessee and United States Constitution.

WHEREFORE; the plaintiff forever prays his parole eligibility date be recalculated pursuant to T.C.A. § 40-35-501(G), without any further statute's being applied.

Section 4-5-224 is entitled "Declaratory Judgments" and reads as follows:

(a)	The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

(b)	A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

(c)	In passing on the legal validity of a rule or order, the court shall declare the rule or order invalid only if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with the rulemaking procedures provided for in this chapter or otherwise violates state or federal law.

Attached to the complaint is a "Memorandum of Law in Support of Judgment" which recites a history of plaintiff's experiences with state corrections authorities including the following:

> On July 26, 1993, Plaintiff recieved [sic] a hearing before the Disciplinary Board at Carter County Work Camp, where plaintiff plead guilty to drug-possession and was placed on punitive segregation for twenty (20) days and was placed at a more secure institution per policy 502.01, see: Exhibit-A.

> On February 21, 1995, Plaintiff was taken before a Carter County Grand Jury where plaintiff was convicted pursuant to T.C.A. § 39-16-201, and recieved [sic] a three (3) year sentence to run consecutive to the fifty (50) year sentence plaintiff is currently seeking.

> On July 7, 1995, Plaintiff recieved [sic] a Tomis Offender Sentence Letter, to which plaintiff's Release Eligibility Date had increased from 06/13/1999 to 02/03/2020, see: Exhibit-B.

> On July 25, 1995, Plaintiff contacted Institutional staff, requesting the show cause of the movement of the Release Eligibility Date, see: Exhibit-C as staff responded per policy T.C.A. § 40-28-123(b).

> Plaintiff submitts [sic] the following:

> As shown above, and now on record, the defendants have increased the plaintiff's Release Eligibility Date pursuant to Tennessee Code Annotated Section 40-28-123(b), Plaintiff now avers this statute was designed for prisoner's convicted of a felony while working in the community, and not for the purpose of prisoner's convicted of a felony while incarcerated.

> As records will show, plaintiff recieved [sic] a three (3) year consecutive sentence for the offense, and the consecutive sentence is to be calculated according to statute.

> > See: Tennessee Code Annotated § 40-35-501(G). The Release Eligibility Date provided for herein shall be separately calculated for each offense for which a defendant is convicted. for consecutive sentences, the periods of ineligibility for release shall be calculated for each offense and shall be added together to determine the release eligibility date for the consecutive sentence.

- 4 -

Further showing, and now on record, the plaintiff submitts [sic] the defendants failed to notify him or any such actions being taken against him.

. . .

The plaintiff submitts [sic] the Disciplinary Boards report never recommended any movement in plaintiffs release eligibility date per policy.

See: T.D.O.C. Policy 502.01(G)
Disposition of Disciplinary Report

(2)    When the disciplinary action involves the taking of sentence credits or the extension of an imates [sic] RED, the Disciplinary Board shall send the original disciplinary report and CR-3298 . . . . Sentence Management Services will take the sentence credits or extend the inmates RED, send the original back to the institutional record office, and maintain a copy in OSS, the inmate shall be provided with a copy of this document.

Therefore, plaintiff submitts [sic], without notice or a hearing concerning the movement of his Release Eligibility Date, the defendants have improperly applied statute T.C.A. § 40-28-123(b) by violating the provisions pursuant to Article 1, Section 8 of the Tennessee Constitution and the 5th and 14th Amendments of the United States Constitution, and further the defendant's have improperly applied statute T.C.A. § 40-28-123(b) by denying the plaintiff the right to confront the actions being taken against him pursuant to the provisions set out and secured by Article 1 Section 9 of the Tennessee Constitution and the 6th Amendment of the United States Constitution.

The plaintiff submitts [sic] the defendants imposing an increase in the release eligibility date pursuant to T.C.A. 40-28-123(b) is placing punishment on the already determined sentence that plaintiff has been serving since September 25, 1987, those actions impairs the provisions of Article 1 Section 11 of the Tennessee Constitution, the prohibition which forbids the Congress and states to enact any ex post facto law.

. . .

WHEREFORE; the Plaintiff forever prays the movement of his Release Eligibility Date be recalculated by the defendants and in accordance to due process of law, equal protection and applying no ex post facto laws.

The allegations of the complaint and memorandum did not constitute grounds for granting the requested relief.

It appears that the plaintiff desires relief from the consecutive sentence imposed by the Trial Court. The time has long since expired for any appeal from the terms of that sentence. Tenn. R. App. P. Rules 2 and 4(a).

The complaint and memorandum fail to allege compliance with T. C. A. § 4-5-224(b) which states:

> (b) A declaratory judgment shall not be rendered concerning the validity or applicability of a statute, rule or order unless the complainant has petitioned the agency for a declaratory order and the agency has refused to issue a declaratory order.

The complaint and memorandum seek to revise the judicial sentence, and the ruling of the administrative agency by declaratory judgment, but fail to allege compliance with subsection (b) of T.C.A. § 4-5-224, quoted above. *L. L. Bean, Inc., v. Bracey*, Tenn. 1991, 817 S.W.2d 292.

Administrative Policies and Procedures of the Department of Correction, Policy Nos. 505.01 and 109.61; Management Information Services Procedures Manual, Index # V711-J detail the steps necessary for obtaining an Administrative Declaratory Order. Until these steps have been followed and alleged in a complaint, the courts have no authority to entertain an action against the agency for declaratory judgment.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff appellant. The cause is remanded to the Trial Court for necessary further procedures.

**AFFIRMED AND REMANDED**.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

| | | |
|---|---|---|
| ROY L. McCAMEY, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01-9701-CH-00033 |
| VS. | ) | |
| | ) | Davidson Chancery |
| | ) | No. 95-2962-II |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, et al., | ) | Affirmed |
| | ) | and |
| Respondents/Appellees. | ) | Remanded |

## **J U D G M E N T**

In accordance with the opinion of the Court filed herein, the judgment of the Trial Court is affirmed.  Judgment is rendered against Roy McCamey for costs of this appeal for which execution may issue.  The cause is remanded to the Trial Court for necessary further proceedings.

ENTER _____.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE